# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>                v.<br><br>BRIAN JOSEPH PACIOS,<br>        Defendant. | No. SA CR 16-43 DSF<br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE<br>RELEASE (Dkt. 100) |

Defendant Brian Joseph Pacios moves for immediate and permanent release pursuant to 18 U.S.C. § 3582(c)(1).

The Court finds this matter appropriate for decision without oral argument.

18 U.S.C. § 3582(c)(1)(A)(i) provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This section's "administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked." United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021). The Court may not excuse this failure and proceed on the merits.

Here, although Mr. Pacios submitted a request, he did not do so properly. See Declaration of Samuel J. Diaz at ¶7. The Motion must be denied.

IT IS SO ORDERED.

Date: July 24, 2023

Dale S. Fischer
United States District Judge